**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| GARY WESTPHALEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Case No. CIV-07-47-M |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

### ORDER

Before the Court is defendant's Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(1), filed July 10, 2007. On July 30, 2007, plaintiff filed his response, and on August 13, 2007, defendant filed its reply.

I.   Introduction

On January 10, 2007, plaintiff filed the instant action for intentional infliction of emotional distress. Specifically, plaintiff alleges that the Equal Employment Opportunity Commission ("EEOC") intentionally inflicted emotional distress due to its continuing course of conduct in its investigation of charges of sexual harassment, hostile work environment, and retaliatory discharge made by Susan Solis, Terry Firzgerald, and Alicia Williams, its determination of discrimination, its post-determination and litigation of charges, and its post-litigation conduct. Amended Complaint at ¶ 1.

Plaintiff alleges that the EEOC's investigation and subsequent determinations failed to be objective, fair, or comply with the EEOC's own investigative procedures. Specifically, plaintiff alleges that the EEOC investigator improperly questioned witnesses, failed to question important witnesses, took inaccurate notes of interviews, drafted inaccurate affidavits of interviewed persons, failed to properly evaluate the truth and veracity of witness testimony, and failed to assess the

credibility of the witnesses. *Id.* at ¶ 12(i),(j),(l),(n). Additionally, plaintiff alleges that the EEOC's determination of discrimination was improper because it was based upon the allegedly improper investigation and because there was no corroborating evidence. *Id.* at ¶ 12(p). Plaintiff further alleges that the EEOC's litigation conduct was improper based upon various alleged areas of extremely improper questioning of witnesses. *Id.* at ¶ 12(q),(r),(t). Finally, plaintiff alleges that the EEOC blatantly misrepresented the allegations, evidence, and settlement terms of the litigation within a press release. *Id.* at ¶ 12(v).

## II.  Discussion

Defendant now moves this Court, pursuant to Federal Rule of Civil Procedure 12(b)(1), to dismiss this action for lack of subject matter jurisdiction. Specifically, defendant asserts that the discretionary function exception in the Federal Tort Claims Act ("FTCA") bars plaintiff's claim.

The FTCA provides a limited waiver of the United States' sovereign immunity and allows civil claims against the United States for injuries

> caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1). The FTCA, however, contains an exception to this waiver of immunity for claims

> based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.

28 U.S.C. § 2680(a).[1]  "If the discretionary function exception applies to the challenged governmental conduct, the United States retains its sovereign immunity, and the district court lacks subject matter jurisdiction to hear the suit." *Tippett v. United States*, 108 F.3d 1194, 1196 (10th Cir. 1997).

To determine whether the discretionary function exception applies, a court must determine "(1) whether the action at issue was one of choice for the government employee; and (2) if the conduct involved such an element of judgment, whether that judgment is of the kind that the discretionary function exception was designed to shield." *Id.* at 1197 (internal quotations omitted). The Tenth Circuit has stated that "[g]enerally speaking, a duty is discretionary if it involves judgment, planning, or policy decisions.  It is not discretionary if it involves enforcement or administration of a mandatory duty at the operational level, even if professional expert evaluation is required." *Miller v. United States Dep't of Transp.*, 710 F.2d 656, 663 (10th Cir. 1983) (internal quotations omitted).  The Tenth Circuit has further stated that "[c]onduct cannot be discretionary unless it involves an element of judgment or choice.  Thus, the discretionary function exception will not apply when a federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow."  *Bell v. United States*, 127 F.3d 1226, 1229 (10th Cir. 1997) (internal quotations omitted).

---

[1] In his response, plaintiff asserts that a predicate showing of the exercise of due care must be made for the discretionary function exception to apply. This assertion is belied, however, by the plain language of § 2680(a). Subsection (a) contains two clauses beginning with "based upon" and separated by the disjunctive "or" and, thus, sets forth two separate exceptions to the FTCA. "The first clause, exempting actions mandated by statute or regulation, applies only if the actor has exercised due care.  The second clause, exempting actions based on a discretionary function, contains no due care requirement." *Buchanan v. United States*, 915 F.2d 969, 970-71 (5th Cir. 1990). Accordingly, the Court finds that a predicate showing of the exercise of due care need not be made for the discretionary function exception to apply.

Having carefully reviewed the Amended Complaint, the Court finds that the conduct at issue in this case involves judgment or choice and, thus, is discretionary. What witnesses to interview, what questions to ask, the evaluation of a witness's credibility, the determination of discrimination, whether to institute litigation, etc. are all actions involving an element of judgment or choice. Additionally, the Court finds that an EEOC investigator's determination of what actions to take under the EEOC's guidelines under the particular circumstances involved in the case is itself a discretionary act.

Having determined that the actions at issue were ones of choice, the Court must, therefore, now determine whether the judgment exercised in this case is of the kind that the discretionary function exception was designed to shield.

> Congress preserved governmental immunity for discretionary functions to prevent judicial "second-guessing" of legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in tort. Therefore, the exception protects only governmental actions and decisions based on considerations of public policy.

*Bell*, 127 F.3d at 1229 (internal quotations and citations omitted). Thus, the focus of analysis is on the nature of the action taken and whether it is subject to policy analysis. *Tippett*, 108 F.3d at 1197-98. Having reviewed the Amended Complaint, the Court finds that the conduct at issue in this case involves an exercise of discretion grounded in public policy and that the judgment exercised in this case is, therefore, of the kind that the discretionary function exception was designed to shield.

Accordingly, the Court finds the discretionary function exception applies in the case at bar. Defendant, therefore, retains its sovereign immunity, and this Court, thus, lacks subject matter jurisdiction to hear this suit.

III.   Conclusion

For the reasons set forth above, the Court GRANTS defendant's Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(1) [docket no. 22] and DISMISSES this action for lack of subject matter jurisdiction.

**IT IS SO ORDERED this 15th day of November, 2007.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE